IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Case No. 1:26-cv-02248-APM

JACQUELINE R. SMITH,

Plaintiff,

v.

U.S. DEPARTMENT OF DEFENSE *et al.*,

Defendants.

**PROPOSED ORDER GRANDING PLAINTIFF'S MOTION FOR PARTIALSUMMARY JUDGMENT AS TO LIABILITY**

Upon consideration of Plaintiff's Motion for Partial Summary Judgment as to Liability, Defendants' opposition, if any, the record in this action, and the applicable law, the Court finds that there exists no genuine dispute of material fact concerning Defendants' liability for retaliation in violation of the First Amendment.

The Court concludes that Plaintiff is entitled to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(a).

In particular, the Court determines as follows:

1. Plaintiff's April 8, 2026, column addressing the editorial independence of *Stars and Stripes* constituted speech on a matter of public concern.
2. Although Plaintiff's responsibilities as Ombudsman included addressing matters relating to editorial independence, the First Amendment protections applicable to government-sponsored journalism are not necessarily extinguished merely because the speech falls within the speaker's official responsibilities. Under the circumstances presented here, the principles recognized in *Turner v. U.S. Agency for Global Media*,

502 F.Supp.3d 333 (D.D.C. 2020), preclude application of *Garcetti v. Ceballos*, 547 U.S. 410 (2006), as a categorical bar to Plaintiff's First Amendment Claim.

3. The *Garcetti* analytical framework is simply not applicable in the public journalism context presented here. See, e.g. *Adams v. Trustees of the Univ. of North Carolina-Wilmington*, 10-1413 (4th Cir. April 6, 2011).

4. Applying the balancing principles established in *Pickering v. Board of Education*, 391 U.S. 563 (1968), the Court concludes that Plaintiff's and the public's interests in the expression at issue outweigh Defendants' asserted governmental interests in restricting that expression.

5. Plaintiff's protected expression was a substantial or motivating factor in Defendants' decision to remove her from the position of Ombudsman of *Stars and Stripes*.

Accordingly, it is hereby ORDERED that Plaintiff's Motion for Partial Summary Judgment as to Liability is GRANTED; and it is further ORDERED that the parties shall submit, within seven days of this Order, their respective positions concerning the appropriate relief and whether any further evidentiary proceedings are necessary.

SO ORDERED.

Dated: ___________________________

AMIT P. MEHTA
United States District Judge