UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JACQUELINE R. SMITH,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF DEFENSE, et al.<br>Defendants. | Civil Action No. 26-2248 (APM) |

**DEFENDANTS' MOTION TO STAY BRIEFING ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF**

Defendants hereby move for a stay of the deadline to respond to Plaintiff's early summary judgment motion. A stay of the summary judgment briefing will ensure that Defendants have sufficient time to respond to the Complaint, including to resolve any potential threshold defenses under Rule 12, in a case in which Plaintiff's motion for preliminary injunction has been denied, before responding to Plaintiff's motion. Pursuant to LCvR 7(m), counsel for Defendants conferred with counsel for Plaintiff, who opposes the motion. Under LCvR 7(b), Defendants' summary judgment response is currently due November 10, 2026.

On June 25, 2026, Plaintiff filed a complaint against the Defendants, challenging her termination. ECF No. 1. Two months later, on August 21, 2026, Plaintiff filed a motion for preliminary injunction, seeking immediate reinstatement. ECF No. 6. The Court denied Plaintiff's motion for preliminary injunction on October 6, 2026. ECF No. 15. In that Order, the Court also denied Defendants' motion to dismiss and ordered them to renew their motion to dismiss or

otherwise respond to the Complaint. *Id.* The current deadline for doing so is November 12, 2026. October 19, 2026, Minute Order.

This Court has the inherent authority to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also United States v. W. Elec. Co.*, 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). In this case, the interests of fairness and efficiency counsel in favor of allowing Defendants the opportunity to respond to Plaintiff's Complaint under Rule 12, rather than rushing to respond to a premature and partial motion for summary judgment, where Plaintiff has provided no justification for departing from the ordinary course of litigation. Indeed, in granting Defendants' first motion for extension of time to respond to the Complaint, the Court noted that "Plaintiff's contention that prolonging the schedule will place at risk her return to the Ombudsman position by December 19, 2026, is not well taken. Whether Plaintiff can be reinstated is a remedies question that will arise only if she prevails on the merits. Absent an early settlement, this case is unlikely to reach final judgment before December 19, 2026." October 19, 2026, Minute Order.

Nothing in Rule 56 requires the parties and the Court to press forward with a summary judgment motion prior to Defendants' opportunity to respond to the Complaint. To the contrary, while it is true that the Federal Rules of Civil Procedure permit the filing of early summary judgment motions, the Advisory Committee notes for Rule 56 encourage courts to issue orders that will prevent the premature briefing of summary judgment motions filed at the commencement of a case: "Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." Fed. R. Civ. P. 56

advisory committee's note (2010 amendments). An earlier committee note also stated that, "if a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due." *Id.* (2009 amendments).

Indeed, Rule 12(b) "promotes the early and simultaneous presentation and determination of preliminary defenses." 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1349 (3d ed. 2004). Adjudicating motions under Rule 12(b) thus helps to streamline the case by ensuring that "all available Rule 12 defenses are advanced before the consideration of the merits," *George Wash. Univ. v. DIAD, Inc.*, No. CIV. A. 96-301-LFO, 1996 WL 470363, at *1 (D.D.C. Aug. 9, 1996), and to "produce an overall savings in time and resources as well as avoid delay in the disposition of cases, thereby benefiting both the parties and the courts." Wright & Miller, § 1349; *see also Furniture Brands Int'l, Inc. v. U.S. Int'l Trade Comm'n*, Civil Action No. 1:11–00202, 2011 WL 10959877, at *1 (D.D.C. Apr. 8, 2011) ("[S]uspending briefing of the summary judgment motion [pending resolution of defendants' 12(b)(1) motion to dismiss] will allow the Court to manage the orderly disposition of this case."). Plaintiff should not be permitted to preempt Defendants' rights under Rule 12 regarding the sequence and timing of their presentation of threshold defenses by filing a premature summary judgment motion.

For these reasons, district courts routinely defer consideration of motions for summary judgment while dispositive motions to dismiss remain pending. *See, e.g., Furniture Brands Int'l, Inc.*, 2011 WL 10959877, at *1 ("[S]taying further briefing of the plaintiff's summary judgment motion will allow the parties to avoid the unnecessary expense, the undue burden, and the expenditure of time to brief a motion that the Court may not decide."); *Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) ("Not needing more lawyers to spend more

time on more briefs on more subjects in order to decide the motion to dismiss, the Court granted the motion to stay [summary judgment briefing.]"); *Baginski v. Lynch,* 229 F. Supp. 3d 48, 57 (D.D.C. 2017) (noting that it had "deferred" consideration of plaintiff's motion for summary judgment "until it was able to assess the government's motion to dismiss"); *Daniels v. United States*, 947 F. Supp. 2d 11, 15 (D.D.C. 2013) (noting that court stayed summary judgment briefing pending its ruling on motion to dismiss); *Angulo v. Gray*, 907 F. Supp. 2d 107, 109 (D.D.C. 2012) (same); *Magritz v. Ozaukee Cty.*, 894 F. Supp. 2d 34, 37 (D.D.C. 2012) (same); *Ticor Title Ins. Co. v. FTC*, 625 F. Supp. 747, 749 n.2 (D.D.C. 1986), *aff'd*, 814 F.2d 731 (D.C. Cir. 1987) (holding in abeyance plaintiff's motion for summary judgment "pending resolution of threshold questions of jurisdiction and justiciability").

Here, Plaintiff invites the Court to bypass the early stages of this action and moves for summary judgment at a premature stage before the Defendants have filed a responsive pleading or renewed a threshold motion to dismiss the complaint. The Court should decline Plaintiff's invitation and stay Plaintiff's motion for summary judgment as premature. A proposed order is enclosed herewith.

Dated: November 5, 2026

Respectfully submitted.

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Zachariah Lindsey*
ZACHARIAH LINDSEY, Bar #1766679
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-6612
Zachariah.Lindsey@usdoj.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JACQUELINE R. SMITH,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF DEFENSE, et al.<br><br>Defendants. | ) | Civil Action No. 26-2248 (APM) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to stay and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that consideration of Plaintiff's motion for summary judgment is STAYED until further order of the Court.

SO ORDERED:

______________________
Date

______________________
AMIT P. MEHTA
United States District Judge